UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

APPEAL NO. 06-CV-00414-MHT

ATHEAL PIERCE,

    Appellant,

v.

CURTIS C. REDING, STANDING CHAPTER 13
TRUSTEE, and AMERICAN GENERAL

    Appellees.
    _____/

_____

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
(2ND APPEAL)
_____

## APPELLEE'S RESPONSE TO APPELLANT'S MOTION TO PROCEED WITHOUT THE PREPAYMENT OF FEES

        Sabrina L. McKinney
        ASB-3162-I71S
        Staff Attorney for the
        Chapter 13 Trustee
        166 Commerce St., Ste. 202
        P. O. Box 173
        Montgomery, AL  36101-0173
        Ph:  (334) 262-8371
        Fax:  (334) 834-7635
        Email:  mckinneys@ch13mdal.com

COMES NOW the Appellee, Curtis C. Reding, Standing Chapter 13 Trustee for the Middle District of Alabama, by and through the undersigned counsel, and in response to the Appellant's Motion to Proceed without the Prepayment of Fees, states as follows:

On April 26, 2005, the debtor filed for relief pursuant to Chapter 13 of the Bankruptcy Code. On September 12, 2005, the debtor filed a request for dismissal of his Chapter 13 case with the Bankruptcy Court. On September 15, 2005, the Bankruptcy Court entered an order dismissing the bankruptcy case with a 180-day bar to re-filing. The debtor filed a notice of appeal to the District Court from this order dismissing with a 180-day bar. The District Court during the course of the first appeal in this case, issued an order affirming the Bankruptcy Court's decision to dismiss the debtor's case with a 180-day bar. The debtor then filed his notice of appeal from the District Court to the 11th Circuit Court of Appeals. The debtor did not pay the filing fee for the appeal from the District Court to the 11th Circuit Court of Appeals. The debtor filed a motion with the District Court asking for permission to proceed with the appeal without the requirement of paying a filing fee. The District Court denied the debtor's motion for permission to proceed with the appeal without the payment of filing fees and dismissed the appeal to the 11th Circuit as a bad faith appeal. On March 28, 2006, the 11th Circuit Court of Appeals issued a notice to the debtor giving him an opportunity to file a motion to proceed

in forma pauperis with the 11th Circuit Court of Appeals or to pay the filing fee within 30 days of the date of the notice. The 30-day expiration was April 28, 2006.

During the intervening time, while the appeal is pending with the District Court and with the 11th Circuit Court of Appeals, the debtor filed a motion to reinstate his bankruptcy case on March 27, 2006. The debtor's motion to reinstate his case was set for hearing on April 10, 2006. After hearing, the Bankruptcy Court issued its Memorandum Decision and Order denying the debtor's motion to reinstate his Chapter 13 case. On April 21, 2006, the debtor filed a second notice of appeal from the Bankruptcy Court to the District Court regarding the order denying the motion to reinstate his Chapter 13 case. The debtor did not pay the filing fee to the Bankruptcy Court for his second appeal. The Clerk's office filed a notice of deficiency advising the debtor that he had 10 days to pay the filing fee for the appeal or the appeal would be dismissed.

On or about May 1, 2006, the debtor deposited into the District Court night drop box a money order for $255.00 and a motion to proceed without the prepayment of filing fees. As the debtor chose to drop this money into the District Court's night box without appropriate instructions, it was unclear whether the debtor intended for the $255.00 filing fee to be applied to the appeal to the 11th Circuit from the District Court, which is currently pending (Case No. 06-11430-C) or whether the debtor intended the $255.00 filing fee to be applied to his new and

second appeal from the Bankruptcy Court to the District Court level. It is the Appellee's understanding that the $255.00 fee paid by the debtor has now been applied to the appeal from the District Court to the 11th Circuit and that the motion to proceed without the payment of the filing fee has been treated as a motion filed with respect to this second appeal.

From the Appellant's motion to proceed without the prepayment of filing fees, it appears that he was trying to have this motion heard at the Bankruptcy Court level, although he has used the wrong case numbers if that was his intent. The current motion has been transmitted to the District Court along with the record on appeal for this second appeal.

In response to the Appellant's motion to proceed without the prepayment of filing fees, the Trustee/Appellee in the above styled cause, states as follows:

Rule 8001(a)(3) of the _Federal Rules of Bankruptcy Procedure_ states that a notice of appeal from the Bankruptcy Court to the District Court must be accompanied by the prescribed fee for the filing of this appeal. There are no provisions in Rules 8001-8020, _FRBP_ that allow for the filing of a "in forma pauperis" motion for an appeal from the Bankruptcy Court to the District Court. As such, this motion is due to be denied as there are no provisions pursuant to either the _Federal Rules of Bankruptcy Procedure_ or pursuant to 28 U.S.C. §158

which allow for the filing of a motion for in forma pauperis status from an appeal from the Bankruptcy Court to the District Court level.

If the Court finds that the 11th Circuit *Federal Rules of Appellate Procedure* apply to this appeal from the Bankruptcy Court, then the Appellee would offer that this motion is not filed in compliance with *Federal Rule of Appellate Procedure*, Rule 24. The motion does not show in detail prescribed by Form 4 the debtor's inability to pay or to give security for fees and costs as required by *Federal Rules of Appellate Procedure* 24(a)(1)(A). Furthermore, pursuant to *Federal Rules of Appellate Procedure* 24(a)(1)(B), the motion does not state a claim for entitlement to redress. Next, pursuant to *Federal Rules of Appellate Procedure* 24(a)(1)(C), the motion fails to state the issues that the debtor intends to present on appeal. Finally, the motion is not accompanied by the required affidavit setting out the facts as stated above.

WHEREFORE, the above premises considered, the Appellee moves this Honorable Court to deny the Appellant's motion to proceed without the prepayment of filing fees and for any such other relief to which the Appellee may be entitled.

Respectfully submitted this 15th day of May 2006.

                          Curtis C. Reding
                          Standing Chapter 13 Trustee

By:   /s/  Sabrina L. McKinney
       Sabrina L. McKinney
       Staff Attorney
       ASB-3162-I71S

Office of the
Chapter 13 Trustee
166 Commerce St., Ste. 202
P. O. Box 173
Montgomery, AL 36101-0173
Phone:  334-262-8371
Fax:  334-834-7635
Email:  mckinneys@ch13mdal.com

## CERTIFICATE OF SERVICE

I, Sabrina L. McKinney, certify that the foregoing APPELLEE'S RESPONSE TO APPELLANT'S MOTION TO PROCEED WITHOUT THE PREPAYMENT OF FEES has been served on all interested parties listed below by placing a copy of same in the United States Mail, postage prepaid and properly addressed, this 15th day of May 2006.

                          /s/  Sabrina L. McKinney
                          Sabrina L. McKinney

Atheal Pierce
112 Norwood Blvd.
Montgomery, AL  36117

Britt Batson Griggs, Esq.
Parnell & Crum, P.A.
Attorney for American General Finance
P. O. Box 2189
Montgomery, AL  36102-2189

American General Finance
4447 Atlanta Highway
Montgomery, AL  36109